UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JACQUELINE WHITFIELD | ) ) ) |
| Plaintiff, | ) Docket No. |
| v. | ) ) District Judge: |
| SAHUQUE REALTY COMPANY, INC., AND RAMPART/WURTH HOLDING, INC. d/b/a LATTER & BLUM PROPERTY MANAGEMENT. | ) ) Magistrate Judge: ) ) ) |
| Defendants. | |

## COMPLAINT

JACQUELINE WHITFIELD files this Complaint against the defendant under 42 U.S.C. § 1983 and 28 U.S.C. § 1367 for violation of the United States Housing Act, 42 U.S.C. § 1437d(k), the Federal Fair Housing Act, 42 U.S.C. §3601 *et seq.,* and state law:

## JURISDICTION AND VENUE

1.

Made Defendants herein are:

  (1) Sahuque Realty, Co. (hereinafter "Sahuque"), a Louisiana company authorized to do and doing business in the State of Louisiana, which at all relevant times owned, operated, leased controlled and/or maintained property located at 708 Orleans Avenue, Apt H, New Orleans, LA 70116 and whose intentional and negligent actions and inactions directly and proximately caused the damages set forth herein.

1

(2) Rampart/Wurth Holding, Inc. d/b/a Latter & Blum Property Management, (hereinafter "L&B"), a Louisiana company authorized to do and doing business in the State of Louisiana, which at all relevant times owned, operated, leased controlled and/or maintained property located at 708 Orleans Avenue, Apt H, New Orleans, LA 70116 and whose negligent actions and inactions directly and proximately caused the damages set forth herein.

2.

This Court has jurisdiction over this action and the defendants pursuant to 28 U.S.C. §§ 1331 and 1367 because this case arises under the Constitution and laws of the United States as well as a state law claim.

3.

This Court has authority to issue declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202, and Fed. R. Civ. P. Rules 57 and 65.

4.

Both defendants reside in the Eastern District of Louisiana and the principal events giving rise to the claims stated herein occurred in this district. Venue is proper under 28 U.S.C. §§ 1391(b)(1) and (2), and 1391(c)(2).

5.

Venue is proper with this Venue is proper with this Court because Defendants' place of business was in this District [28 U.S.C. § 1391(b)(1)] and Plaintiff's claims arose out of events and omissions of which a substantial part occurred in the Eastern District of Louisiana [28 U.S.C. §1391(b)(2)].

6.

Jacqueline Whitfield is a person with a documented and recognized disability, of the full age of majority, domiciled in the Parish of Orleans, State of Louisiana at the time the allegations in this complaint arises. Plaintiff has Delayed Sleep Phase Disorder, a circadian disorder with no cure or treatment available recognized as a disability.

7.

The defendant Sahuque Realty Company, Inc.Ramp is incorporated in Louisiana and leases residential buildings to tenants in the New Orleans, Louisiana area. Sahuque participated in the discriminatory actions because it failed to protect Plaintiff from her injuries. *See, Burton v. Freescale Semiconductor, Inc.*, 798 F.3d (5th Cir. 2015).

8.

The defendant Latter & Blum Property Management Inc. is Louisiana company authorized to do and doing business in the State of Louisiana, which at all relevant times operated, leased controlled and/or maintained property located at 708 Orleans Avenue, Apt H, New Orleans, LA 70116 and whose discriminatory actions and inactions directly and proximately caused the damages set forth herein.

9.

Defendant herein is individually and in solido liable and indebted unto the petitioner for such damages as are reasonable in the premises, together with legal interest thereon, from date of judicial demand until paid, and for all costs of these proceedings for the following non-exclusive reasons:

## **STATEMENT OF FACTS**

10.

On or around January 31, 2019, Plaintiff began a twelve (12) month lease for the residential property at 708 Orleans Avenue, Apt H, New Orleans, LA 70115 in Orleans Parish (hereinafter "the Property").

11.

On or around January 27, 2020, Plaintiff emails L&B's representative Ms. Erin Wright about her disability, medical condition, and medical accommodations. Plaintiff suffers from the following medical conditions:

(1) Delayed Sleep Phase Disorder (hereinafter "DPSD")
(2) Traumatic Brain Injury
(3) Post Traumatic Stress Disorder
(4) Chronic Obstructive Pulmonary Disease Stage Four
(5) Lupus and Discoid Lupus
(6) Hashimoto's
(7) Sjogren's Syndrome

12.

Plaintiff informed L&B the following:

> "If I sleep according to my circadian rhythm, my DSPD does not affect these other health conditions although, on its own it substantially limits several major life activities in any case. I have to keep to a strict sleep schedule and even one early day can have effects that last for weeks. My sleep hours are 6am –2pm during Daylight savings time and 5am – 1pm the rest of the year. Both leave my waking times DURING business hours. I have let management know that I can do either early morning appts (I'd just stay up, it's easier on me) or afternoons appts., in order for me to accommodate them in return."

13.

On or about August 5, 2020, the air conditioning in the Property was malfunctioning and not blowing cold air. Plaintiff suffers from stage four COPD that presented a serious health risk for Plaintiff. The air conditioning was not repaired until August 7, 2020.

14.

On or about November 5, 2020, the air conditioning and heating unit was malfunctioning. The air conditioning unit was not repaired until November 12, 2020.

15.

On or about April 27, 2021, L&B was performing a Spring Inspection and Plaintiff requested accommodation due to her DPSD disability. Plaintiff requested for the inspection to be conducted in the afternoon. L&B did not respond. Plaintiff stayed awake for the inspection and the inspection was rescheduled to a separate date. Plaintiff explained to L&B her medical disability and the seriousness of its side effects if she does not stick to her sleep schedule.

16.

On or about June 13, 2021, Plaintiff's air conditioning was malfunctioning. Plaintiff experienced extreme trouble breathing. Plaintiff immediately informed L&B of the issue. L&B informed Plaintiff they will deal with the issue the next day. Plaintiff unable to wait due to COPD stage four symptoms attempted to troubleshoot the unit with an HVAC professional. Upon discovery the air conditioning unit's air intake was being blocked by the neighbor's flag/blanket. After the flag/blanket was removed the air condition unit was working properly.

17.

Plaintiff emailed L&B, the maintenance issue was resolved and there is no longer a need to come, unless they wish to check the outdoor unit.

18.

On or about June 14, 2021, L&B woke up Plaintiff during her sleep to inform her that two HVAC repairmen are on their way to the Property. Plaintiff informed L&B she already resolved the matter as stated in her email.

19.

On or about June 16, 2021, Plaintiff is given a Notice to Vacate by July 15, 2021. Plaintiff requests to speak with L&B and they refuse.

20.

On or about June 17, 2021, Steve Richards, a realtor with L&B that Plaintiff dealt with in the past, informed Plaintiff that he has another property that was down the street from her current residence.

21.

On or about June 21, 2021, Ms. Wright emails Plaintiff an extension for her Notice to Vacate to end by July 31, 2021.

22.

On July 19, 2021, Mr. Steve Richards shows Plaintiff the property. Ms. Wright then sends an email to Plaintiff allowing Plaintiff to stay in the Property month to month until further notice. Plaintiff was informed that she would only be allowed to stay only if she signs a lease amendment.

23.

Ms. Wright admits that Plaintiff's accommodations are the reason she obtained the Notice to Vacate.  Ms. Wright addresses that the addendum will no longer protect Plaintiff's waking hours and documented disability.

24.

On or about July 20, 2021, Plaintiff's neighbor Sandra informs Plaintiff that the flag/blanket was again covering the outside air conditioning unit. The addendum that L&B offered to Plaintiff to signs prevents Plaintiff from "touching other tenant's property." Plaintiff texted Mr. Richards about the situation in hopes he would resolve it.

25.

Plaintiff and her neighbor Sandra, speak with the tenant who owns the flag/blanket. The tenant stated Plaintiff's "AC went out in June because your air filter was dirty." She also stated, "Erin told me to hang my flag back up that day."

26.

On or about July 21, 2021, Plaintiff responded to the email from L&B regarding the month-to-month lease extension and addendum. Plaintiff saw the flag was now wrapped around the railing and no longer covering the outside air conditioning unit.

27.

On or about July 28, 2021, Plaintiff was forced to sign the lease amendment or be evicted. The lease amendment stated in part:

**Property Manager (Erin Wright) will no longer accommodate "waking hours".**

28.

On or about August 29, 2021, Hurricane Ida struck Louisiana and caused minimal damages to the Property.

29.

On or about October of 2021, renovations have begun for apartment below the Property and next door which resulted in loud noise and caustic fumes from floors being redone.

30.

On or about November 5, 2021, L&B emails Plaintiff of Fall inspection occurring on November 16, 2021. Plaintiff, again, asks for an accommodation. Plaintiff forced herself to wake up early only to find out that the appointment was cancelled.

31.

On or about November 9, 2021, Plaintiff is awakened by loud drilling noise. Plaintiff emails L&B requesting an estimated time of when the drilling work will be completed. Ms. Wright lets Plaintiff know she has no clue.

32.

On or about November 12, 2021, Plaintiff was picking up a package downstairs and stopped to ask the maintenance workers for an estimate for long the work will be. The maintenance worker gives Plaintiff the middle finger. The maintenance worker then yells "get the fuck out" and calls the Plaintiff a fucking idiot. This incident was recorded by Plaintiff.

33.

L&B Ms. Wright sends Plaintiff an email, the email is stating Plaintiff had a confrontation with their maintenance worker and Plaintiff was the reason for the confrontation. Plaintiff responded denying the allegation and made a complaint for the maintenance worker's highly disrespectful conduct.

34.

On or about November 15, 2021, Erin Wright sends Plaintiff an email for a maintenance inspection to take place on November 16, 2021. Plaintiff again requests an accommodation that the maintenance inspection occur in the afternoon. Plaintiff wakes up early on November 16, 2021 and Erin Wright cancels the inspection.

35.

On or about November 17, 2021, Plaintiff was served a Notice to Vacate. Defendants claim that the Notice to Vacate was due to the expiration of Plaintiff's lease and the need to repair the roof over Plaintiff's unit. Plaintiff entered into a consent to pay rent and vacate by March 4, 2022. L&B wrongfully evicted Plaintiff, and Plaintiff suffered from mental pain and suffering, medical expenses, past and present future permanent injury; and other relief as the court may deem just.

36.

These damages were directly and proximately caused by the negligent and discriminatory actions and inactions of Defendant L&B.

37.

These damages were directly and proximately caused by the negligent and discriminatory actions and inactions of Defendant Sahuque.

## CAUSES OF ACTION:

## FIRST CAUSE OF ACTION: FAILURE TO PERFORM LESSOR'S OBLIGATIONS PURSUANT TO LA. C.C. ARTICLES 2682 AND 2691

38.

Plaintiff realleges paragraphs 1-37 and further state that:

39.

Defendants failed to comply with its obligations as lessors of the Property to protect the Plaintiff's peaceful possession for the duration of the lease.

40.

Defendants failed to comply with their obligations as lessors of the Property to maintain the Property in a suitable condition and to make necessary repairs.

41.

Plaintiff is entitled to recover damages set forth herein arising from Defendants' failure to perform their statutory duties as the lessor.

**SECOND CAUSE OF ACTION: RESPONDEAT SUPERIOR (VICARIOUS LIABILITY)**

42.

Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs 1 – 42 and further states that:

43.

L&B is liable for the acts of its employee Erin Wright.

44.

Plaintiff was injured as a result of the discriminatory acts of Erin Wright during her lease with L&B.

45.

Such discriminatory acts occurred during the term of Plaintiff's lease.

46.

Erin Wright was an agent of L&B, whose acts are imputed to her corporate principal.

**THIRD CAUSE OF ACTION: AMERICANS WITH DISABILITIES ACT OF 1990**

47.

Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs 1 – 46 and further states that:

48.

Defendants have engaged in intentional discrimination in the terms and conditions of Plaintiff's lease, including, but not limited to, the wrongful eviction.

49.

Defendants' conduct violates the Americans with Disabilities Act of 1990.

50.

As a result of defendants' discrimination in violation of ADA, Plaintiff is entitled to injunctive and equitable monetary relief; and has suffered anguish, humiliation, distress, inconvenience, and loss of enjoyment of life because of defendants' actions, thereby entitling her to compensatory damages.

51.

In its discriminatory actions as alleged above, Defendants have acted with malice or reckless indifference to the rights of the Plaintiff and thereby entitling her to an award of punitive damages.

**FOURTH CAUSE OF ACTION: DISCRIMINATION IN THE SALE OR RENTAL OF HOUSING PURSUANT TO 42 U.S.C. § 3604**

52.

Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs 1 – 51 and further states that:

53.

L&B's refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling.

54.

In its discriminatory actions as alleged above, Plaintiff is entitled to recover damages set forth herein arising from Defendants' failure to perform their duties as the lessor.

## FIFTH CAUSE OF ACTION: VIOLATION OF THE FAIR HOUSING ACT FOR FAILURE TO ACCOMMODATE MS. WHITFIELD'S DISABILITY

55.

Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs 1 – 54 and further states that:

56.

Ms. Whitfield has medical conditions that limits her daily activities including her ability to be awake during the morning hours.

57.

As such she is a person with disabilities under the federal Fair Housing Act. 42 U.S.C. 3604(h).

58.

Defendants are required to reasonably accommodate Ms. Whitfield's disability. 42 U.S.C. 3604(f)(3)(b).

59.

Ms. Whitfied has requested reasonable accommodations that would not cause undue burden to the Defendants, but they were consistently denied. Defendants intentionally failed to accommodate Plaintiff's disability and Plaintiff suffered harm and undue hardship as a result of the failure to accommodate.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against the defendant as follows:

1. That the Court grant Plaintiff compensatory damages for the humiliation, emotional distress, and other damages caused by Defendants' conduct;

2. That the Court grant Plaintiff punitive damages for Defendants' malicious and recklessly indifferent conduct;

3. Award Plaintiff on prevailing, reasonable attorney's fees under 42 U.S.C. § 1988;

4. Assign all costs in this matter to the defendant; *see* 28 U.S.C. § 1920, and

5. Grant such other remedial and equitable relief as may be just and proper.

**JURY DEMAND**

Ms. Whitfield demands a trial by jury of all issues do triable in this action.

Respectfully submitted this 27th day of July 2023.

Respectfully Submitted,

**THE MINIAS LAW FIRM**

*/s/ Christopher Minias*
**Christopher A. Minias (#36230)**
1615 Poydras Street
Suite 900
New Orleans, LA 70112
Phone: (504) 777-7529
Fax: (504) 556-2866
Email: chris@miniaslaw.com

**SERVICE INFORMATION**

Plaintiff mailed this day, July 27, 2023 by USPS certified mail Notice of Lawsuit and *Request to Waive Service of a Summons*, two copies of the *Waiver of the Service of the Summons Citation and Acceptance of Service* and a stamped self-addressed envelope to

Sahuque Realty Company, Inc.
*Through its Registered Agent:*
Patrick L. Gootee
1001 Harimaw Court
Metairie, LA 70001

Rampart/Wurth Holding, Inc. d/b/a Latter & Blum Property Management
*Through its Registered Agent:*
Joseph S. Pappalardo
830 Turqoise St.
New Orleans, LA 70124

Plaintiff also filed with this Court an unsigned summons.

*/s/ Christopher Minias*
CHRISTOPHER MINIAS