UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JACQUELINE WHITFIELD | * | CIVIL ACTION |
| VERSUS | * | NO. 23-2843 |
| RAMPART/WURTH HOLDING, INC. d/b/a LATTER AND BLUM PROPERTY MANAGEMENT, ET AL. | * | SECTION "O" (2) |

## ORDER AND REASONS

Pending before me is Plaintiff Jacqueline Whitfield's Motion to Correct the Record for Reconsideration and to Strike Erroneous References regarding Report and Recommendation. ECF No. 101. Having considered the record, the submissions and arguments raised therein, and the applicable law, Plaintiff's Motion is DENIED for the reasons stated herein.

### I.   Plaintiff's Current Motion

In this filing, Plaintiff apparently objects to the undersigned's recommendation that ECF Nos. 92, 94 and 95 be treated as duplicative with ECF No. 96 being treated as the operative filing, and that ECF No. 99 be attached to ECF No. 96 rather than to ECF No. 92. ECF No. 101 at 1. Plaintiff also appears to object to the undersigned recommendation that her filings at ECF Nos. 83 and 84 be converted to and considered as Opposition Memoranda and argues that her operative opposition (filed delinquently at ECF No. 97) was disregarded. *Id.* Plaintiff then objects to the undersigned's recommendations that other "motions" be deemed moot. *Id.*

### II.   Standard for Reconsideration

Although the Federal Rules of Civil Procedure do not provide specifically for motions to reconsider a court's order,[1] the Fifth Circuit has consistently recognized that parties may seek

---

[1] *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004); *Cressionnie v. Hample*, 184 F. App'x 366, 369 (5th Cir. 2006).

1

reconsideration under Rules 54(b), 59(e), or 60(b).[2] Because an order that adjudicates fewer than all the claims among the parties "may be revised at any time" before the entry of a final judgment, a court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient."[3]

Though Rule 54(b) empowers the court with "broad discretion" in addressing a motion for reconsideration, "reconsideration 'is not provided indiscriminately whenever some party may wish it,' as judges 'must protect themselves and the other parties against the delay and burdens that could be imposed by yielding to simple disappointment or a deliberate desire to inflict delay and burden.'"[4] Further, a motion to reconsider "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of [the order]."[5]

Courts addressing motions to reconsider under Rule 54(b) look to similar considerations as those used when evaluating Rule 59(e) motion:[6] (1) the motion is necessary to correct a manifest error of law or fact upon which the judgment is based; (2) the movant presents newly discovered or previously unavailable evidence; (3) the motion is necessary in order to prevent manifest injustice; or (4) the motion is justified by an intervening change in controlling law.[7]

---

[2] *Koeppel v. Hartford Accident & Indem. Co.*, 608 F. Supp. 3d 398, 402 (E.D. La. 2022) (Vance, J.) (citing *Reyes v. Julia Place Condo. Homeowners Ass'n, Inc.*, No. 12-2043, 2016 WL 4272493, at *2 (E.D. La. Aug. 15, 2016) (Barbier, J.) (citing cases)).
[3] *Id.* (quoting Fed. R. Civ. P. 54(b); *Melancon v. Texaco*, 659 F.2d 551, 553 (5th Cir. Unit A Oct. 1981)); *see also Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (citations omitted).
[4] *Koeppel*, 608 F. Supp. 3d at 402 (quoting 18B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 4478.1 (3d ed. 2021); and citing *Calpetco 1981 v. Marshall Expl., Inc.*, 989 F.2d 1408, 1414-15 (5th Cir. 1993)).
[5] *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004).
[6] *Koeppel*, 608 F. Supp. 3d at 402 (citing *Austin*, 864 F.3d at 336; and then quoting *Edwards v. Take Fo' Records, Inc.*, No. 19-12130, 2020 WL 3832606, at *11 & n.12 (E.D. La. July 8, 2020)); *accord. Antoine's Rest., LLC v. Certain Underwriters at Lloyd's London,* No. 23-229, 2023 WL 3751509, at *2 (E.D. La. June 1, 2023) (Vitter, J.) (citing *S. Snow Mfg. Co. v. SnoWizard Holdings, Inc.*, 921 F. Supp. 2d 548, 565 (E.D. La. 2013) (Brown, J.) (internal citation omitted)).
[7] *Antoine's Rest.*, 2023 WL 3751509, at *2 (citing cases).

In this case, the undersigned issued a Report and Recommendation, not an Order. *See* ECF No. 100. As the final paragraph of that Report makes clear, any party has fourteen days within which to file written objections to any proposed findings, conclusions, and recommendation. *Id.* at 30. Unless and until the Report and Recommendation is adopted, there is no "order" to reconsider.

In the event that the undersigned had issued an order for which reconsideration were requested, Plaintiff has not established any of the relevant considerations justify reconsideration.

### A. Plaintiff's Filings at ECF Nos. 92, 94, 95, 96, 99

As to the substance of the first request, the undersigned fully considered all of Plaintiff's largely duplicative filings at ECF Nos. 92, 94, 95, 96, and 99 in the Report and Recommendation. *See id.* at 6-7. Again:

- ECF No. 92 is a 2-page filing with 15 attachments: A declaration (ECF No. 92-1), Exhibit List (ECF No. 92-2) and 12 exhibits labelled Exhibits A, B, C, D, D1, E1, F1, F2, F3, F4, G and G2 (ECF Nos. 92-3-14).

- ECF No. 94 is largely duplicative of ECF No. 92, except the 2-page filing at ECF No. 92 is omitted and the declaration previously filed at ECF No. 92-1 is filed as ECF No. 94 itself. The 14 attachments to ECF No. 94 include a duplicate of the exhibit list filed at ECF No. 94-1 and duplicate of the 12 exhibits previously filed, again labelled Exhibits A, B, C, D, D1, E1, F1, F2, F3, F4, G and G2 (ECF Nos. 94-2-13).

- ECF No. 95 is Plaintiff's objection to the Clerk of Court's docketing of the attachments to ECF No. 92 as ECF No. 94, presumably in response to Judge Long's granting of the Motion at ECF No. 93.

- ECF No. 96 is Plaintiff's Corrected Notice of Clarification Regarding ECF No. 94, which attaches 14 items (the same exhibit list and 12 exhibits (ECF No. 96-2-14)). Page 1 of ECF No. 96 is a 1-page document asking that ECF No. 94 be considered as duplicative and that the Court consider ECF No. 92 rather than No. 94), pages 4-5 are her prior "Motion to Supplement" previously filed at ECF No. 92, and page 6 is the same declaration previously attached as ECF No. 92-1 and docketed as ECF No. 94. Thus, ECF No. 96 is the "corrected" version that includes every document previously filed at ECF No. 92.

3

- ECF No. 99 is a Motion to Supplement to add Exhibit G3, which is a second declaration that Plaintiff stated was inadvertently not attached (presumably to either ECF No. 92, 94 or 96).

The undersigned thoroughly reviewed all of Plaintiff's multiple filings to ensure that her position was considered in the analysis, selecting ECF No. 96 as it is the most comprehensive of the duplicative filing as ECF No. 92 does not include pages 1-3 of ECF No. 96.  Plaintiff has not demonstrated any manifest error in designating the most comprehensive of her duplicative, supplemental, corrected filings as the operative filing.

### B. Conversion of Plaintiff's Filings at ECF No. 83 and 84 and Consideration of her Untimely Opposition filed at ECF No. 97

Plaintiff's ECF No. 83 is a 2-page filing entitled "Motion for Clarification and Equitable Relief Regarding Settlement Enforcement."  Plaintiff asks that the Court withhold any judgment enforcing settlement until she is afforded an opportunity to address unresolved issues and argues the merits of her opposition to Defendant's Motion to Enforce.  ECF No. 83 at 1.  Plaintiff also filed a separate Motion to Stay Enforcement of Settlement at ECF No. 91.

Plaintiff did file an Opposition to the Motion to Enforce Settlement.  ECF No. 67.  Despite the title of Plaintiff's filing at ECF No. 83, that motion does not seek clarification of any court order.  Rather, it asks that the Court allow Plaintiff an opportunity to address the issues, which the Court did.  Indeed, the undersigned continued the matter for one week to allow Plaintiff additional time to address the issues.  *See* ECF No. 74.  Rather than file any further opposition, Plaintiff simply filed a Notice Regarding Opposition on July 14, 2025, which adopted her earlier filing.  ECF No. 79.

Plaintiff's ECF No. 84 is a 2-page filing entitled "Emergency Motion to Clarify Plaintiff's Position Regarding Attorney Minias' Motion to Intervene and for Attorneys' Fees and Costs."  In that filing, Plaintiff indicates it is not a full opposition but proceeds to articulate various reasons

4

why she objects to Minias' intervention. ECF No. 84 at 1-2. Again, this filing does not seek clarification of any court order, but rather, seeks to articulate Plaintiff's position as is customarily done through an Opposition Memorandum. As such, the undersigned considered the substance of her opposition set forth in ECF No. 84 as her opposition to the Motion for Leave to Intervene.

Finally, contrary to Plaintiff's assertion that the undersigned failed to consider her operative opposition memorandum filed at ECF No. 97, the undersigned did consider that filing. Indeed, even though Plaintiff filed her "operative" opposition five days after the deadline for filing an Opposition Memorandum, the undersigned nevertheless considered the substance of the arguments that she raised in that untimely opposition as well. *See* ECF No. 100 at 8-9, 23.

Given that neither of Plaintiff's Motions for Clarification seek to clarify any court order, but rather, seek to state her position on the pending motions, the undersigned has recommended they be considered as Opposition Memoranda. Further, the undersigned also considered all of Plaintiff's filings, including her opposition filing delivered after the applicable deadlines. Nothing in Plaintiff's current motion indicates that the undersigned's recommendation as to ECF No. 83 or 84 is manifestly erroneous or otherwise in need of reconsideration nor establishes that the undersigned failed to consider her "operative opposition," which was late and could have been (but was not) disregarded in the undersigned's discretion.

### C. The Moot Motions

Plaintiff also objects that the undersigned "declared" several motions moot and claims they are unresolved and procedurally invalid. Plaintiff does not, however, articulate any particular motion. Presumably Plaintiff refers to her Motion to Stay (ECF No. 89), which is the only moot recommendation in ECF No. 100. *See id.* at 29. In her Motion to Stay, Plaintiff asked to stay proceedings pending resolution of the Motion to Disqualify or Recuse. Given that the Report and

Recommendation addressed the Motion to Disqualify or Recuse, there is no further articulated basis for Plaintiff's requested stay. Indeed, the Report and Recommendation addressed all pending matters, leaving no further pending matters to necessitate a stay. Finally, the undersigned issued a Report and Recommendation, not an Order, and thus, did not declare anything. After final judgment, any party may obtain a stay by posting the necessary bond required by F̲ED̲. R. C̲IV̲. P. 62(b).

### III. Conclusion

Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiff's Motion to Correct the Record, for Reconsideration, and to Strike Erroneous References in Docket 100 (ECF No. 101) is DENIED.

New Orleans, Louisiana, this ___18th___ day of August, 2025.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE