UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JACQUELINE WHITFIELD | CIVIL ACTION |
| VERSUS | NO. 23-2843 |
| SAHUQUE REALTY COMPANY, INC., ET AL. | SECTION "O" |

## ORDER

Before the Court are the Plaintiff's objections[1] to the Magistrate Judge's Report and Recommendation[2] in which the Magistrate Judge recommends resolution of a flurry of motions filed in connection with Defendants' efforts to enforce the parties' settlement in principle confected during a settlement conference with the Magistrate Judge. Performing *de novo* review, the Court will overrule the Plaintiff's objections and adopt the Report and Recommendation in its entirety.

During a settlement conference with the Magistrate Judge in February 2025, the parties agreed to settle and release all claims in exchange for a monetary award; the material terms of the settlement agreement were received into the record.[3] The Court entered a conditional dismissal order, retaining jurisdiction to enforce the parties' settlement agreement.[4] Approximately four months later, Defendants moved[5] to reopen the case and enforce the settlement agreement; the Court referred[6]

---

[1] ECF No. 103.
[2] ECF No. 100.
[3] ECF No. 49.
[4] ECF No. 50.
[5] ECF No. 54.
[6] ECF No. 58

the motion to the Magistrate Judge which had presided over the settlement conference. Shortly thereafter, Plaintiff's counsel withdrew from her representation.[7] Plaintiff has since proceeded *pro se*.

Plaintiff's former counsel has filed a motion to intervene to recover attorney's fees and costs.[8] Plaintiff, *pro se*, has filed, *inter alia*, three motions to clarify,[9] one motion to disqualify or recuse the Magistrate Judge,[10] one motion to stay pending resolution of her motion to disqualify,[11] and one motion to stay enforcement of the parties' settlement.[12] Plaintiff has filed additional motions, some of which were resolved by the Magistrate Judge before issuing the Report and Recommendation, and others which were filed after the Report and Recommendation issued.[13]

In the Report and Recommendation, the Magistrate Judge recommends that the Court: (i) grant four motions (Defendants' motion to reopen case and enforce settlement, Plaintiff's counsel's motion to intervene, Plaintiff's motion for notice of clarification, and one of Plaintiff's motions to supplement); (ii) deny three motions (Plaintiff's motion to disqualify or recuse and Plaintiff's motions to stay); and (iii) convert two motions to be construed as opposition memoranda to other motions (Plaintiff's motion for clarification and equitable relief and Plaintiff's motion to

---

[7] ECF No. 73.
[8] ECF No. 85. This motion was automatically referred to the Magistrate Judge.
[9] ECF Nos. 83, 84, 95. The first two motions to clarify were referred by the undersigned; the third was automatically referred.
[10] ECF No. 88.
[11] ECF No. 89.
[12] ECF No. 91.
[13] *See* ECF Nos. 106 (motion to compel production of client file, pending before the Magistrate Judge), 107 (motion to deposit settlement funds into the Court's registry).

clarify). Plaintiff has filed objections[14] to the Magistrate Judge's Report and Recommendation, while Defendants have filed a memorandum[15] in support thereof.

Construing Plaintiff's "filings liberally because [s]he is [now] a *pro se* litigant," *Collins v. Dall. Leadership Found.*, 77 F.4th 327, 330 (5th Cir. 2023) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)), the Court finds that Plaintiff's objections do not call into question any aspect of the Magistrate Judge's thorough Report and Recommendation. Foremost, Plaintiff in her objections continues to resist enforceability of the settlement agreement confected during the settlement conference and recited on the record.[16] Under settled law summarized in the Report and Recommendation, however, the parties indeed reached a binding settlement agreement in principle on *material* terms in which Defendants agreed to pay a monetary settlement in exchange for a release of Plaintiff's claims. *See In re Deepwater Horizon*, 786 F.3d 344, 354 (5th Cir. 2015) (citation omitted). Defendants are entitled to enforcement of the parties' agreement as a matter of law; summary enforcement is thus appropriate. *See id.*[17] Having conducted a *de novo* review of the

---

[14] ECF No. 103.

[15] ECF No. 105.

[16] ECF No. 103. Notably, Plaintiff does not object to the Magistrate Judge's Report and Recommendation insofar as it recommends denying Plaintiff's motions to stay and to recuse. Insofar as Plaintiff purports to object to the Magistrate Judge's recommendations on Plaintiff's requests to clarify and/or supplement—motions which the Magistrate Judge recommends be granted—the Report and Recommendation indeed recommends as Plaintiff purports to propose in her objections. *Compare* ECF No. 100 (recommending that "ECF No. 96 be treated as the operative supplemental filing [and further that] ECF No. 99-1 be attached as additional exhibit to ECF No. 96") *with* ECF No. 103 (requesting that the Court "[r]ecognize ECF 96 as operative [and] keep[ ] ECF No. 99 as the supplement/exhibit G3 to the operative filing").

[17] Plaintiff insists that her post-settlement conference requests that Defendants agree to allocate the settlement proceeds in a particular manner are material terms warranting an evidentiary hearing and precluding summary enforcement of the parties' agreement. Not so. Plaintiff offers no support for her conclusion. The post-settlement conference allocation issues advanced by Plaintiff cannot be characterized as material to the parties' agreement. Furthermore, that the Internal Revenue

3

Report and Recommendation in light of Plaintiff's objections, *see* 28 U.S.C. § 636(b)(1), the Court finds Plaintiff's objections lack merit and therefore the Court will overrule Plaintiff's objections and adopt the Report and Recommendation.

Accordingly,

**IT IS ORDERED** that Plaintiff's Objections (ECF No. 103) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation (ECF No. 100) is hereby accepted and **ADOPTED** in full.

**IT IS FURTHER ORDERED** that Plaintiff's motion to disqualify/recuse (ECF No. 88) is **DENIED**.

**IT IS FURTHER ORDERED** that the Defendants' motion to reopen and enforce compromise (ECF No. 54) is **GRANTED**.

---

Service would not be bound by the parties' characterization further undermines Plaintiff's attempt to characterize allocation issues as material. *See Dotson v. United States*, 87 F.3d 682, 687-88 (5th Cir. 1996). Plaintiff now pivots in her objections to suggesting that her concern was Medicaid eligibility, not taxes. But the exhibits she offers in support of her objections do not mention Medicaid. *See, e.g.,* ECF No. 103-6 (email from purported "accounting and tax manager" referencing a Google search and suggesting that "[t]o provide a tax projection, the proceeds need to be clearly defined as punitive or compensatory"). Regardless, the same result obtains. Plaintiff offers no support for her concern that Medicaid eligibility might be compromised *if* Medicaid treated the settlement funds as income, rendering this concern not only speculative but collateral and thus immaterial to the settlement in principle confected. This newly minted allocation issue fares no better than the tax allocation issue analyzed by the Magistrate Judge in the Report and Recommendation. Plaintiff offers no support for her conclusion that allocation issues are material nor for her assumption that officials administering Medicaid would be bound by the parties' characterizations or allocations of settlement funds. *Cf. Gallardo by and through Vassallo v. Marstiller*, 596 U.S. 420 (2022) (observing that the parties' unilateral allocation did not bind Florida's statutory scheme through which it obtains reimbursement from third parties for Medicaid expenses it has paid to injured persons). Taking at face value Plaintiff's bare assertion that "Medicaid could treat the settlement as income and jeopardize Plaintiff's benefits" fails to present a fact issue on materiality. The settlement agreement confected by the parties will be summarily enforced.

**IT IS FURTHER ORDERED** that Plaintiff's motion for clarification and equitable relief (ECF No. 83) and motion to clarify (ECF No. 84) are converted and construed as memoranda in opposition to the Defendants' motion to enforce and Plaintiff's former counsel's motion to intervene.

**IT IS FURTHER ORDERED** that Plaintiff's former counsel's, The Minias Law Firm's, motion to intervene (ECF No. 85) is **GRANTED**. The Clerk of Court shall file into the record the Complaint in Intervention (ECF No. 85-1).

**IT IS FURTHER ORDERED** that the Plaintiff's motions to stay (ECF Nos. 89, 91) are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the Plaintiff's motion for notice of clarification (ECF No. 95) is **GRANTED** such that ECF No. 96 shall be considered as the operative supplemental filing, rendering ECF Nos. 92, 94, and 95 to be treated as duplicative.

**IT IS FURTHER ORDERED** that Plaintiff's motion to supplement (ECF No. 99) is **GRANTED** such that ECF No. 99-1 shall be added as an additional exhibit to and considered with ECF No. 96.

Finally, **IT IS FURTHER ORDERED** that that Plaintiff's motion to deposit the settlement funds into the Court's registry (ECF No. 107), which was filed after the Magistrate Judge issued the Report and Recommendation, is **DENIED WITHOUT PREJUDICE** to the proper party at the appropriate time making such supported request, if necessary.

New Orleans, Louisiana, this 20th day of November, 2025.

_____
BRANDON S. LONG
UNITED STATES DISTRICT JUDGE